IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,027-01




 


EX PARTE DARRELL FRANKLIN LEE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-0397-08 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
indecency with a child by contact and sentenced to twenty years' imprisonment. The
conviction and sentence were affirmed on direct appeal in an unpublished opinion. Lee v.
State, No. 12-09-00221-CR (Tex. App. - Tyler del. May 12, 2010). Applicant's Petition for
Discretionary Review was refused.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance for
failing to object to improper evidence introduced at trial. Applicant is referring to the State's
introduction of hearsay testimony from Toska Graham, a forensic interviewer from the
Children's Advocacy Center. He claims the State characterized Graham as an outcry witness
to allow introduction of otherwise inadmissible hearsay, and he argues the only proper outcry
witness was not Graham but the complainant's mother, Andrea Lee, or Lee's father, Rodney
Gouldthorpe. In her statement to police, Andrea Lee appears to indicate the child's outcry
was first made to either Rodney Gouldthorpe or simultaneously to both Rodney Gouldthorpe
and Andrea Lee.

 Texas law allows the introduction at trial of otherwise inadmissible hearsay in certain
circumstances where the hearsay was an outcry from the child-complainant to an adult. Tex.
Code Crim. Proc. art. 38.072. Such outcry testimony, however, is limited to the first adult
to whom the child made the outcry. Id. Trial counsel's has submitted an affidavit regarding
his representation at trial but does not address this issue. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order Applicant's trial counsel to respond to this claim
of ineffective assistance of counsel. In addition to obtaining the affidavit, the trial court may
also use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: February 8, 2012

Do not publish